**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:06 CR 94** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **MELVIN C. KING** | ) | **AND ORDER** |
| | ) | |
| **DEFENDANT** | ) | |

This matter is before the Court on the Defendant's Motion for Bill of Particulars/Motion for Transcript. *See* (Dkt. # 48).[1]

**I. BACKGROUND**

The two-count indictment charges the Defendant as follows:

COUNT 1

The Grand Jury Charges:

---

[1] Defendant previously filed a motion for a bill of particulars, *see* (Dkt. #20), but that motion became moot when Defendant pled guilty, *see* (Dkt. # 35).

-1-

> Beginning at least as early as January, 2005, and continuing through January 31, 2006, the exact dates to the Grand Jury unknown, in the Northern District of Ohio, Eastern Division, and elsewhere, ELIJAH JAMES, III, MELVIN C. KING, and others known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally combine, conspire, and confederate and agree together and with each other, and with diverse others to the Grand Jury known and unknown, to distribute and to possess with intent to distribute at least five (5) kilograms of a mixture or substance containing a detectable amount of cocaine and to distribute and to possess with intent oto distribute 50 grams or more of cocaine base (crack), both Schedule II narcotic drug controlled substances, in violation of Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(A).  All in violation of Title 21, United States Code, Section 846.
> 
> COUNT 2
> 
> The Grand Jury further charges:
> 
> On or about January 31, 2006, in the Northern District of Ohio, Eastern Division, ELIJAH JAMES, III, and MELVIN C. KING did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

*See* (Dkt. #8).  The Defendant and the government executed a plea agreement, and the Defendant pled guilty to Count I of the indictment.  *See* (Dkt. #36).

In his motion for a bill of particulars, the Defendant requests (1) a compact disc ("CD") that is audible or a transcript of the conversation on the CD,[2] and (2) the evidence of the Defendant's other crimes that the government intends to introduce at trial.  The Defendant

---

[2] The Defendant is currently in possession of an audible version of the CD, so this request is moot.

also incorporates by reference his earlier motion for a bill of particulars in which he requested a hearing and other information in relation to Count I of the indictment:

> (1) The identity of all known, but unnamed, alleged co-conspirators.
> (2) The precise dates and locations, insofar as they are known to th egovernment, of all events allegedly constituting an offense under count 1.
> (3) Whether defendant King is alleged to be the principal aider and abetter.

*See* (Dkt. # 20).

In the Government's Response to Defendant Melvin C. King's Motion for a Bill of Particulars, the Government argues that the Defendant is not entitled to the information he seeks. *See* (Dkt # 51). The Government represents that it has told defense counsel that if the case would have progressed to trial, the prosecution would have presented witnesses who would have testified that the Defendant was engaged in selling cocaine and crack cocaine in and around Cleveland, Ohio, from January 2005, until January 31, 2006. The Government also notes that the Federal Rules of Criminal Procedure lack any rules dealing with a post-guilty-plea motion for a bill of particulars. Notably, the government argues that the Defendant is aware that his co-defendant, Elijah James, III, would have testified for the government at that trail. The government also brings to the Court's attention the fact that the Defendant hired a private investigator who surreptitiously obtained information from the government's confidential informant.

**II. LAW**

The procedure for ordering a bill of particulars is as follows:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after the arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7 (f). The test for whether a bill of particulars should issue is whether the indictment is specific enough to inform the defendant of the charges against him, protect the defendant from double jeopardy, and enable the defendant to prepare for trial. *See United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986). The Court uses a common sense approach in examining the sufficiency of the indictment and whether a bill of particulars should issue. *See Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989).

**III. ANALYSIS**

The Defendant is not entitled to a bill of particulars. The indictment provides the Defendant with information sufficient to protect himself from double jeopardy and prepare for trial, and informs the Defendant of the charges against him. Moreover, the Defendant knows at least two individuals – his co-defendant and the confidential informant – who the government intends to call as witnesses. As the Government is not required to present to the Defendant every theory of its entire case, *see United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993), the Defendant is not entitled to a bill of particulars in this case.

Accordingly, the Defendant's Motion for a Bill of Particulars is **DENIED**.

**IT IS SO ORDERED**.

                                          s/ Peter C. Economus - February 26, 2007
                                          **PETER C. ECONOMUS**
                                          **UNITED STATES DISTRICT JUDGE**